**E-Filed 04/04/11**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHEILA BLAXILL<br><br>  Plaintiff,<br><br> v.<br><br>ARROW FINANCIAL SERVICES, LLC. and<br>NELSON & KENNARD<br><br>  Defendants. | Case Number 5:10-CV-04520 JF (PSG)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>Re: Docket No. 14 |

Plaintiff Sheila Blaxill brings this action against Defendants Arrow Financial Services, LLC ("Arrow") and Nelson & Kennard ("Nelson") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.33. Defendants move to dismiss Blaxill's First Amended Complaint for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion will be granted, with leave to amend.

**I. BACKGROUND**

Blaxill, a resident of San Jose, California, alleges that she is a "consumer" under the

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-CV-04520 JF (PSG)
ORDER GRANTING MOTION TO DISMISS
(JFEX1)

FDCPA.[2] Am. Compl. ¶ 4. Arrow is a collection agency incorporated in Delaware whose principal place of business is in Niles, Illinois. *Id.* ¶ 5. Nelson is a collection agency incorporated in California whose principal place of business is in Sacramento, California. *Id.* ¶ 6. Blaxill alleges that both Arrow and Nelson are "debt collectors" under the FDCPA. *Id.* ¶¶ 5, 6.

Blaxill obtained a $5,000 loan ("the Loan"), which she claims meets the FDCPA's definition of "debt," from Direct Merchant Bank. *Id.* ¶¶ 9, 10. She alleges that Direct Merchant Bank transferred the Loan to Arrow for collection, and that Arrow engaged in "communications" as defined by the FDCPA when it attempted to collect the Loan. *Id.* ¶¶ 11, 12. Arrow hired Nelson to assist it in collecting the Loan. *Id.* ¶ 12. Nelson filed a lawsuit against Blaxill in the Santa Clara Superior Court on August 13, 2010. *Id.*; Def.'s Mot. at 2-3. On October 22, 2010, sixteen days after Blaxill filed the instant action, the Superior Court entered a default judgment against her.

Blaxill claims that Arrow and Nelson engaged in abusive tactics in attempting to collect the Loan and that she continues to suffer from humiliation, anger, anxiety, emotional distress, and fear as a result of Defendants' alleged conduct. Am. Compl. ¶¶ 13-15, 17, 18.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. Rule 8(a) requires a plaintiff to plead her claim with sufficient specificity to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

---

[2] The facts in this section are taken from the Plaintiff's operative pleading and documents that are judicially noticeable. The Court assumes these facts to be true and construes them in the light most favorable to the Plaintiff for purposes of the instant motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

2

U.S. 544, 556, 570 (2007)).  A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## III. DISCUSSION

**A.   Blaxill Fails to State a Claim for Violations of the FDCPA, 15 U.S.C. §§ 1692-1692p**

<u>1. 15 U.S.C. §§ 1692b(1) and 1692b(3)</u>

Blaxill claims that Arrow violated 15 U.S.C. § 1692b(1) by contacting third parties about the Loan without identifying itself and for purposes other than verifying her location.  Am. Compl. ¶ 20.  She also claims that Defendants violated 15 U.S.C. § 1692b(3) by contacting third parties repeatedly without being asked to do so.  *Id.* ¶ 23.

As applicable here, 15 U.S.C. § 1692b(1) requires that a debt collector "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer."  15 U.S.C. § 1692b(3) prohibits a debt collector from communicating with a third party "more than once" for the purpose of acquiring location information about the consumer "unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete."

Because the instant complaint lacks any factual particularity, such as the dates and contents of the alleged communications, it fails to state a claim for relief under §§ 1692b(1) and 1692b(3).  *See Iqbal*, 129 S.Ct. at 1949.

<u>2. 15 U.S.C. § 1692b(2)</u>

Blaxill claims that Defendants violated 15 U.S.C. § 1692b(2) by informing third parties of the existence and nature of the Loan.  Am. Compl. ¶ 22.  Specifically, Blaxill alleges that Nelson made substituted service of the state court summons and complaint on her neighbor.  *Id.* ¶ 27.  Defendants argue that because they obtained a default judgment against Blaxill in the state court action, any determination by the Court as to whether the state court complaint was served

3

properly would "undercut" the *Rooker-Feldman* doctrine.  Def.'s Mot. at 9-10; *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

However, the *Rooker-Feldman* doctrine applies only when "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (holding as inappropriate the application of the *Rooker-Feldman* doctrine to a case in which plaintiff did not ask the district court to overturn a state court judgment entered against it). "When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Id.* at 292. "Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Id.* at 293. "[S]tate law determines whether the defendant prevails under principles of preclusion." *Id*. (citations omitted).  The doctrine does not apply here, as Blaxill is neither complaining of an injury caused by the Superior Court's entry of a default judgment nor seeking review and rejection of that judgment.  Instead, she is complaining of an injury caused by Defendants' alleged violations of the FDCPA.

California's *res judicata* doctrine precludes parties from "relitigating the same cause of action that has been finally determined by a court of competent jurisdiction." *Tensor Group v. City of Glendale*, 17 Cal. Rptr. 2d 639, 642 (Cal. Ct. App. 1993) (citations omitted). "California law defines a cause of action by focusing on the 'primary right' at stake." *Id.*  Here, there is no relation between the injury to Defendants from Blaxill's failure to pay the Loan and the claimed injury to Blaxill from Defendants' alleged disclosures to third parties, as they do not implicate the same primary right.  Because the instant action does not seek to relitigate the same claims presented to the Superior Court, it is not barred by *res judicata*.

California's collateral estoppel doctrine precludes parties from relitigating an issue decided at a previous proceeding if (1) the issue decided in the prior determination is identical to that presented in the second action, (2) there was a final judgment on the merits in the earlier action, and (3) the party against whom estoppel is asserted was a party to the earlier action or in privity with a party to the earlier action. *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1306-07 (E.D. Cal. 2009) (citing *Clemmer v. Hartford Ins. Co.*, 587 P.2d 1098 (Cal. 1978)).

The first element of this test is not met here, because the Superior Court did not decide whether service was proper. Because Blaxill never filed an answer to Defendants' complaint, the Superior Court never considered whether service was defective. *See Riley*, 631 F. Supp. 2d at 306 (finding that, for collateral estoppel purposes, the state court litigated the issue of whether service was proper because the party against whom default judgment was entered moved to vacate it under the theory that service had been improperly rendered). Further, in California, a default judgment is "not conclusive as to any defense or issue which was not raised and is not necessary to uphold the judgment." *Four Star Electric, Inc. v. F & H Construction*, 10 Cal. Rptr. 2d 1, 3 (Cal. Ct. App. 1992) (citations omitted). Because the issue of whether service was defective was neither raised by Blaxill nor necessary to uphold the state court's default judgment, the instant action is not barred by collateral estoppel.

15 U.S.C. § 1692b(2) prohibits a debt collector from "stat[ing] that such consumer owes any debt" when communicating with third parties for the purpose of acquiring location information about the consumer. The FDCPA's definition of "debt collector" excludes "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C. § 1692a(6)(D). Here, the person who allegedly served the state court summons and complaint on Blaxill's neighbor is not a person covered by the FDCPA. Because Blaxill's complaint does not contain any other factual allegations that would support a reasonable inference that Defendants are liable for making unlawful disclosures to third parties, it fails to state a claim for relief under 15 U.S.C. § 1692b(2). *See Iqbal*, 129 S.Ct. at 1949.

3. 15 U.S.C. §§ 1692c(a) and 1692d(5)

Blaxill claims that Arrow violated 15 U.S.C. § 1692c(a) by contacting her at a time and place known to be inconvenient to her, and by calling her at her place of employment despite knowing that her employer prohibited such communications. Am. Compl. ¶¶ 24, 25. She also claims that Arrow violated 15 U.S.C. § 1692d(5) by causing her phone to ring repeatedly and engaging her in phone conversations with the intent to annoy and harass her. *Id.* ¶ 21.

15 U.S.C. § 1692c(a) prohibits a debt collector from communicating with a consumer at a "time or place known or which should be known to be inconvenient to the consumer," or "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communications." 15 U.S.C. § 1692d(5) prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

The instant complaint fails to state a claim for relief under either § 1692c(a) or 1692d(5) because it contains nothing more than "threadbare recitals of the elements of a cause of action." *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1014 (N.D. Cal. 2005), *rev'd in part on other grounds*, 594 F.3d 1147 (9th Cir. 2009) (dismissing FDCPA claim because the plaintiff failed to allege "the date or contents of even one call" allegedly made by the defendant). Because the complaint does not state the date and contents of the several phone calls allegedly made by Arrow, or specific facts to show that Arrow knew that Blaxill's employer prohibited her from receiving its phone calls, it fails to raise the reasonable inference that Arrow is liable for the conduct alleged and thus fails to state a claim under §§ 1692c(a) and 1692d(5). *See Iqbal*, 129 S.Ct. at 1949.

4. 15 U.S.C. § 1692e(10)

Blaxill claims that Arrow violated the provisions of 15 U.S.C. § 1692e(10) by "inflating the debt" and employing deceptive means to collect a debt. Am. Compl. ¶ 26. Defendants argue that this claim is precluded by the *Rooker-Feldman* doctrine. However, as discussed above, neither the *Rooker-Feldman* doctrine nor *res judicata* apply to the instant action, and collateral

6

estoppel does not apply to the issue of whether Defendants inflated the debt because that issue was not decided by the state court.

15 U.S.C. § 1692e(10) prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." However, Blaxill's pleading is devoid of facts explaining how Defendants used deceptive means to collect the loan. *See Iqbal*, 129 S.Ct. at 1949. Accordingly, it fails to state a claim for relief under 15 U.S.C. § 1692e(10).

**B.     Blaxill Fails to State a Claim for Violations of the RFDCPA, CAL. CIV. CODE §§ 1788-1788.33**

1. CAL. CIV. CODE §§ 1788.17 and 1788.13(e)

Blaxill claims that Arrow's alleged violations of 15 U.S.C. § 1692 also violated CAL. CIV. CODE § 1788.17 and 1788.13(e). Am. Compl. ¶¶ 37, 33. CAL. CIV. CODE § 1788.17 provides that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of the FDCPA. Because Blaxill has failed to state a claim for violations of the FDCPA, she also fails to state a claim for violations of § 1788.17. CAL. CIV. CODE § 1788.13(e) is unrelated to the FDCPA, as it prohibits debt collectors from making "false representations that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation." However, the operative complaint fails to state a claim under § 1788.13(e), as it is devoid of facts to plausibly suggest that Defendants made false representations in violation of this provision. *See Iqbal*, 129 S.Ct. at 1949.

2. CAL. CIV. CODE § 1788.12(a)

Blaxill claims that Arrow violated CAL. CIV. CODE § 1788.12(a) by communicating with her employer about the Loan without her permission and for purposes other than verifying her location or employment information. Am. Compl. ¶ 34. CAL. CIV. CODE § 1788.12(a) prohibits a debt collector from "[c]ommunicating with the debtor's employer regarding the debtor's consumer debt unless such a communication is necessary to the collection of the debt, or unless the debtor or his attorney has consented in writing to such communication." Because Blaxill's

complaint does not contain any factual content to give the defendant fair notice of what the claim is and the grounds upon which it rests, such as the dates of the alleged communications, it fails to state a claim under § 1788.12(a).  *See Twombly*, 550 U.S. at 555 (2007).

### 3. CAL. CIV. CODE § 1788.12(b)

Blaxill claims that Arrow violated CAL. CIV. CODE § 1788.12(b) by communicating with her extended family about the Loan without her permission and for purposes other than verifying her location or employment information.  Am. Compl. ¶ 35.  CAL. CIV. CODE § 1788.12(b) prohibits debt collectors from "[c]ommunicating information regarding a consumer debt to any member of the debtor's family, other than the debtor's spouse or the parents or guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian, prior to obtaining a judgment against the debtor, except where the purpose of the communication is to locate the debtor, or where the debtor or his attorney has consented in writing to such communication."  Blaxill's complaint also fails to state a claim under this provision, as it does not indicate which member of Blaxill's family was contacted by Arrow, or when and under what circumstances that person was contacted.  *See Iqbal*, 129 S.Ct. at 1949; *see also Castellanos v. JPMorgan Chase & Co.*, No. 09-CV-00969-H, 2009 WL 1833981 (S.D. Cal. 2009) (holding that the plaintiff sufficiently pleaded a violation of § 1788.12 because he indicated the number of times the defendant allegedly called his brother-in-law, as well as the contents of the alleged phone calls).

### 4. CAL. CIV. CODE § 1788.16

Blaxill claims that Arrow violated CAL. CIV. CODE § 1788.16 by sending her a communication simulating legal and judicial process.  Am. Compl. ¶ 36.  CAL. CIV. CODE § 1788.16 prohibits a debt collector from sending "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued, or approved by a governmental agency or attorney when it is not."  Because Blaxill's pleading does not contain any factual content to give the defendant fair notice of what the claim is and the grounds upon which it rests, such as the dates or contents of the alleged communications, it fails to state a claim under § 1788.16.  *See Twombly*, 550 U.S. at 555 (2007).

**ORDER**

     Good cause therefor appearing, Defendants' motion is GRANTED, with leave to amend. Any amended complaint must be filed within thirty (30) days of the date of this order.

IT IS SO ORDERED.

DATED: 04/04/11

                                        JEREMY FOGEL
                                        United States District Judge